McCAUGHN, Collector of Internal Revenue, v. PHILADELPHIA BARGE CO. et al.

No. 12356.

District Court, E. D. Pennsylvania.

Sept. 25, 1930.

See, also, 27 F.(2d) 628.

Mark Thatcher, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff in error.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for National Surety Co.

KIRKPATRICK, District Judge.

The defense most strongly insisted on is based on section 607 of the Revenue Act of 1928 (26 USCA § 2607). That section provides in substance that: "Any tax * * * paid * * * after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer. * * *" The defendant's position is that if, as a result of this suit, the taxpayer

should be compelled to pay any money to the government, it would be immediately recoverable as an overpayment under the above section, since both sides agree that the time to commence direct proceedings for the payment of the tax in question expired on April 29, 1924, by force of the limitation contained in the Revenue Act of 1918 (40 Stat. 1057). This argument presupposes that the payment of a sum of money to the government by the taxpayer as a result of this suit would be the payment of a tax. In a prior opinion in this case this court pointed out that the obligation created by the bond which is the cause of action in this suit is not a tax liability, but a contractual one. The decision of the Supreme Court in U. S. v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed. 743, was based upon the same construction. The court said: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract." Any payment in discharge of the obligation created by the bond in suit would not be a payment of tax, and section 607 of the Revenue Act of 1928 is wholly inapplicable.

If, yielding to the defendant's insistence that we should look through the form to the substance, we should hold that the payment of any sum of money under this suit was the payment of a tax, it would not help the defendant because it would not be a tax paid "after the expiration of the period of limitation properly applicable thereto." By the giving of the bond the taxpayer wholly waived the limitation, and there was no longer any period of limitation "properly applicable" to the tax. As the court in the John Barth case said: "The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay he sought."

The remaining defenses may be briefly disposed of.

(1) The correctness of the original assessment is challenged, but collateral attack on an assessment of income tax may not be had in an action on a bond for payment of an amount finally adjudicated by the Commissioner of Internal Revenue, Gray Motor Co. v. U. S. (C. C. A.) 16 F.(2d) 357; or, as in this case, a bond to pay any part of such tax found by the Commissioner to be due.

(2) When the bond was given, proceedings for the immediate collection of the tax were waived by the Commissioner. This was sufficient consideration.

(3) The law of suretyship does not require notice and demand upon the principal, where his obligation is absolute and unconditional. The default is conceded, and the surety had notice and demand was made upon it.

(4) Jurisdiction is apparent from the face of the record.

The defendant in this case has filed an affidavit and thereafter a supplemental affidavit. It may be assumed that he has exhausted all the defenses which he believes that he has, and that there are no further facts which can aid him. Nothing is to be gained by allowing another amended affidavit to be filed, and therefore judgment may be entered for the plaintiff in the amount of the claim, with interest; the affidavit and supplemental affidavit being adjudged insufficient.