**COMMERCIAL CREDIT CORPORA-TION, Plaintiff,**

v.

**Phil SCHWARTZ, et al., Defendants.**

**No. 2784.**

United States District Court, E. D. Arkansas, W. D.

Nov. 5, 1954.

Talley & Owen, and William L. Blair, Little Rock, Ark., for movants.

Osro Cobb, U. S. Atty., and J. C. Acchione, Asst. U. S. Atty., Little Rock, Ark., for respondent.

LEMLEY, District Judge.

This cause comes on for hearing upon the motion of Phil Schwartz and Mable Lee Schwartz, his wife, defendants herein, for leave to file an amended answer, which motion is opposed by the United States, a party defendant in this action; said motion has been submitted upon written briefs.

The plaintiff, Commercial Credit Corporation, commenced this action in the Chancery Court of Pulaski County, Arkansas, to foreclose a real estate mortgage and a chattel mortgage executed in its favor by the defendant, Schwartz, and to establish the priority of the liens of said mortgages with relation to cer-

tain other liens on the mortgaged property, including a first mortgage held by the Commercial National Bank of Little Rock and certain tax liens claimed by the United States. Numerous parties, including the Government,[1] were made defendants, and the Government removed the case here as provided by 28 U.S.C.A. § 1444. After removal the real estate involved in the case was sold by agreement, and the first lien of the Commercial National Bank was discharged in full; a substantial surplus remained after satisfying the Bank's claim, and this surplus is now on deposit in the registry of this Court where it will remain until such time as the Court is able to determine how it should be distributed among the various lienholders.

The Government's claim to the fund here is based in part upon a lien for unpaid income taxes alleged to be due from Mr. and Mrs. Schwartz for the year 1948, the alleged deficiency amounting to approximately $8,000. An examination of the motion under consideration and of the proposed amended answer reveals that the movants are attempting to attack the validity of the assessement upon which the Government's lien is based on the ground that the Commissioner of Internal Revenue in computing their income tax for that year erroneously treated as income certain moneys which were not in fact such. It is conceded by the movants that they have not paid the tax alleged to be due and, of course, they have not demanded any refund thereof, as required by 26 U.S.C.A. § 3772(a), nor have they applied to the Tax Court for any relief from the assessment in question.

In passing upon this motion it should be kept in mind that the movants are not seeking merely to remove a lien from the fund which now stands in the place of their property; the Government's lien for unpaid taxes is one thing, and the assessment upon which such lien is based

is quite a different thing. What the movants are attempting to do by their proposed amendment is to secure a judicial review of the Commissioner's assessment without exhausting the administrative remedies which have been provided by Congress, and this, of course, may not be done. When the assessment of which they complain was made, the movants could have pursued either of two courses. They could have paid the tax alleged to have been due and then claimed a refund thereof, which would have involved a further administrative consideration of their contentions; or they could have applied to the Tax Court for relief from said assessment. But they followed neither course. That they under such circumstances could not at this time maintain an original action in this Court to obtain a judicial review of said assessment, is too clear to require discussion; and we do not think that the situation is changed by the mere fact that they have been made defendants in a foreclosure suit brought by one of their creditors wherein the United States happened to have been made a party. Section 2410 of Title 28 U.S.C.A. simply gives leave to make the United States a party defendant in actions involving the existence and priority of liens, as such, where the Government has a claim to the property in suit; we see nothing in said Section to indicate that Congress in enacting it intended such a radical departure from established tax procedures as would be involved in permitting a taxpayer, who happened to be joined with the Government as a defendant in such a suit, to secure an immediate judicial review of the validity of an income tax assessment without any prior administrative review. No case so holding has been cited to us, and we have found none. While the cases cited by the Government are not in point, they do indicate that a taxpayer may not on the strength of Section 2410 litigate his tax liability with-

---

1. The Government was made a defendant under authority of 28 U.S.C.A. § 2410, which permits the joinder of the United States as a party in actions to quiet title to or to foreclose mortgages on property with respect to which the Government holds or claims a lien.

**730**

out compliance with the procedural requirements of the Internal Revenue Code.

 Approaching the problem from a slightly different angle, it is well settled that an assessment of income taxes by the Commissioner of Internal Revenue has the force of a judgment, and that it is immune from collateral attack. See Bull v. U. S., 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421; Citizens National Trust & Savings Bank of Los Angeles v. U. S., 9 Cir., 135 F.2d 527; Gray Motor Co. v. U. S., 5 Cir., 16 F.2d 367; United States v. Canadian American Co., D.C.N.Y., 100 F.Supp. 721, and McCaughn, v. Philadelphia Barge Co., D.C.Pa., 44 F.2d 665. As stated, the instant case is a foreclosure suit instituted by a private creditor, and it involves, primarily, questions of priority of liens; and in our opinion, the movants in seeking to attack in these proceedings the validity of the assessment referred to are attempting to launch a collateral attack thereon which cannot be allowed.

From a reading of the movants' brief it is clear that the filing of this motion was, at least in large measure, motivated by a fear that a decree of this Court awarding priority to the Government's lien for 1948 income taxes would amount to an adjudication that the assessment upon which such lien is based was valid, and would be res judicata in any direct proceeding which might be later brought by the movants for a review of such assessment. In view of our decision that the validity of said assessment cannot be adjudicated in this action, it would appear that this fear is ill-founded. In this connection, it is noted that the Government does not contend that a holding in this case to the effect that its lien is valid and has priority over certain other liens would amount to a holding that the assessment upon which the lien is based was correct, and it concedes in its brief that the correctness of such assessment is "subject to administrative and judicial review when the conditions for such review are met". Of course, said lien will be treated as valid in the sense that it is based upon an assessment which has the force of a judgment and which has not yet been vacated or set aside by appropriate proceedings; but this will not, in our opinion, amount to an affirmative holding that the assessment itself is valid so as to bring into play the doctrine of res judicata in any future direct proceedings, either administrative or judicial, which may be brought by the movants to obtain relief from said assessment.

Let an order be entered denying the motion.