David **REMIS**

v.

**UNITED STATES of America.**

Civ. A. No. 59–1–A.

United States District Court
D. Massachusetts.

May 1, 1959.

John A. McNiff, Pearl & McNiff, Peabody, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

In this suit a purchaser at a mortgagee's sale of a parcel of real estate seeks to "quiet title" as against the United States, which asserts liens, junior in time to the mortgage, against the property for taxes due by the owner-mortgagor. The United States is the sole defendant. The action was instituted in this court, the plaintiff claiming jurisdiction by virtue of 28 U.S.C.A. § 2410(a), which provides that " * * * the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." The defendant asserts that this statute "is merely to waive sovereign immunity

* * * [and] not to confer jurisdiction * * *," quoting Wells v. Long, 9 Cir., 1947, 162 F.2d 842, 844. A number of cases have followed Wells v. Long, most of them, however, in the same circuit. On the other hand, there appear to be no square holdings to the contrary. I must confess that at first blush this statute appears to furnish sufficient authority to institute suit against the government in the district court, rather than being one which "presupposes that the court * * * has jurisdiction thereof on grounds independent of the statute." Wells v. Long, supra, 162 F.2d at page 844. However, I have come to believe, particularly in the light of the legislative history (not, incidentally, discussed in Wells v. Long), that that decision was correct.

The statute originated during 1929–1931. It is to be noted that at this time the several bills (and eventual statute) dealt only with foreclosure of real estate mortgages, a type of suit which is normally commenced in the state courts. The purpose of the bills was to make it possible for mortgagees to bring in the United States as one of the parties to the foreclosure proceeding so as to determine the government's rights under any liens it asserted. Neither in the House or Senate was it ever sought to accomplish this by granting general jurisdiction to the federal district courts. While one amendment offered in the House would have given the federal courts exclusive jurisdiction under a very cumbersome procedure, this aspect of the amendment was not seriously considered. See 72 Cong.Rec. 3121–22 (1930). The principal House bill provided merely for a limited type of removal from the state court to the federal court if it appeared during the state proceedings that the United States had an interest in the property. The federal court was to determine only the status of the federal lien and then remand to the state court, "in order to avoid burdening the Federal courts with the great amount of litigation that would be involved * * *" if the district courts were given complete

jurisdiction. H.Rep.No.2029, 70th Cong., 2d Sess. (1929), repeated in H.Rep.No. 95, 71st Cong., 2d Sess. (1929). See also 70 Cong.Rec. 2006 (1929).

The Senate substituted an entirely new measure, making no provision for removal at all, but rather stating, "That the consent of the United States be, and it is hereby given to be named a party in any suit which is now pending or which may hereafter be instituted in any State or Federal court * * *" The reports on this bill asserted that "no reason is perceived why * * * the United States * * * should not be subject to suit as any other lienor in any court of competent jurisdiction." S.Rep.No. 1830, 70th Cong., 2d Sess. (1929); S. Rep.No.351, 71st Cong., 2d Sess. (1930). The bill as finally enacted was a synthesis of both measures. See Conf.Comm. Rep., H.Rep.No.2722, 71st Cong., 3d Sess. (1931). Section 1 of the Act of March 4, 1931, 46 Stat. 1528, essentially followed the language just quoted from the Senate bill. Section 3, 46 Stat. 1529, from which the present 28 U.S.C.A. § 1444 is derived, permitted optional removal by the government to the federal courts, but the belief was expressed that this would not be necessary in a large percentage of cases. H.Rep.No.2722, supra.

Taking this history as a whole, I think it reasonably apparent that what concerned Congress was admitting the government into actions as an additional party when necessary for complete relief, and not the creation of new jurisdiction in the federal courts for the special purpose of suing the government.

Nothing in the subsequent history leads me to a different conclusion. In 1942, the statute was expanded to include suits to quiet title, and to encompass personal as well as real property. Act of Dec. 2, 1942, § 1, 56 Stat. 1026. The relevant portions of the committee reports (largely quoted in Pipola v. Chicco, D.C.S.D.N.Y., 169 F.Supp. 229, 233, and Coson v. United States, D.C.S.D. Cal., 169 F.Supp. 671, 674–675) contain no suggestion of matters of a jurisdic-

tional nature, and I think it fair to say that no such substantial change was contemplated. See S.Rep.No.1646, 77th Cong., 2d Sess. (1942); H.Rep.No.1191, 77th Cong., 1st Sess. (1941). The final major change came in 1948 as a result of the general codification of Title 28. At that time, the phrase "the consent of the United States is given to be named a party," Act of Dec. 2, 1942, § 1, supra, was changed to the present language, "the United States may be named a party." There is, however, nothing in the Reviser's Notes to indicate that a change in meaning was thereby intended, and presumptively the statute is to be construed as it read prior to codification. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226–228, 77 S.Ct. 787, 1 L.Ed.2d 786. In other words, any different nuance which might be found in the changed phraseology resulting from the omission of the word "consent" must be disregarded.

The plaintiff suggests no jurisdictional basis other than § 2410(a). I agree with the Wells v. Long characterization of that statute, and accordingly the motion to dismiss must be allowed.