David REMIS, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

No. 5538.

United States Court of Appeals First Circuit.

Jan. 6, 1960.

John A. McNiff, Peabody, Mass., with whom Pearl & McNiff, Peabody, Mass., was on brief, for appellant.

George F. Lynch, Atty., Dept. of Justice, Washington, D. C., with whom Howard A. Heffron, Acting Asst. Atty. Gen., and Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before WOODBURY, Chief Judge, HARTIGAN, Circuit Judge, and SWEENEY, District Judge.

SWEENEY, District Judge.

This is an appeal from a judgment dismissing the complaint for lack of jurisdiction. Appellant, purchaser at a mortgagee's sale of a parcel of real estate, seeks to quiet title as against the United States which asserts liens, junior in time to the mortgage, against the property for taxes owing by the mortgagor. The suit was brought under 28 U.S.C. § 2410 (a), which provides that " * * * the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien * * * " On the basis of a complete examination of the legislative history and the precedents, the district court ruled that that section merely waives sovereign immunity, but does not authorize a suit unless there are jurisdictional grounds independent of the statute. Since the district court found no independent jurisdictional grounds, it allowed the government's motion to dismiss.

 We completely agree with the reasoning of the court below and the result reached, and would affirm the judgment on the basis of the district court's opinion. However, appellant now and for the first time, takes the position that "there is inherent in the complaint a controversy as to the validity of tax liens arising under the Internal Revenue Code", and that, therefore, the district court had jurisdiction under Section 1340 of Title 28.[1]

Specifically, appellant claims that by virtue of Section 3672 of the 1939 Code, 26 U.S.C.A. § 3672, and its successor, Section 6323, Internal Revenue Code of 1954, 26 U.S.C.A. § 6323,[2] the liens are invalid as against him. The short answer to this contention is that the complaint contains no allegation controverting the fact that valid federal liens attached to the property or that they were properly recorded, and there is no question as to the priority of the mortgage which the government admits. In sum, the issue raised now clearly is concerned not with the validity or priority of the liens, but with their extinguishment in a manner not permitted by the statutes, and Section 1340 is therefore not applicable. Coson v. United States, D.C.Cal. 1958, 169 F.Supp. 671 does not help appellant. The court in that case assumed jurisdiction under Section 1340 because the question presented was whether or not a tax lien existed. Similarly, nothing in the court's opinion in United States v. Boyd, 5 Cir., 1957, 246 F.2d 477, an action by the government under 26 U.S.C. § 7403, to enforce tax liens, implicitly or explicitly supports appellant's position on the jurisdictional issue. See also United States v. Brosnan, D.C.W.D.Pa. 1958, 164 F.Supp. 357.

Appellant is not without remedy. Congress has established administrative and judicial procedures by which federal tax liens may be discharged, 26 U.S.C. §§ 6325, 7403, and 7424, none of which have been followed in this case.

The district court correctly ruled that it did not have jurisdiction under 28 U.S.C. § 2410(a), and since we find Section 1340, 28 U.S.C. to be inapplicable as well,

Judgment will be entered affirming the judgment of the district court.

---

1. "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court."

2. These two sections are substantially identical, and, insofar as relevant, provide as follows:

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—."