**W. B. WIGGINS**

v.

**UNITED STATES of America.**

**Civ. A. 3367.**

United States District Court
E. D. Tennessee, S. D.

Sept. 22, 1960.

Miller, Martin, Hitching & Tipton, Chattanooga, Tenn., for plaintiff.

John C. Crawford, Jr., Knoxville, Tenn., Harvey G. Schneider, Washington, D. C., for defendant.

DARR, Chief Judge.

The defendant's brief, with slight deletions, fairly presents the cause of action and the applicable statutes:

In this action plaintiff seeks the recovery of $1608.12 plus interest, paid as the 100 percent penalty imposed by Section 2707(a) of the 1939 Internal Revenue Code, 26 U.S.C. § 2707(a) for failure to pay over the withholding and F.I.C.A. taxes which were due from Appalachian Zinc Co., Inc., for the four quarters of 1949.

Section 1622 of the 1939 Internal Revenue Code, 26 U.S.C. § 1622 provides for the collection by employers of income taxes on employees' wages by means of withholding. Income taxes on wages are collected at the source through the employer. Section 1627, 26 U.S.C. § 1627 makes the penalty imposed by Section 2707 applicable to this tax. Similarly, Section 1401 of the 1939 Internal Revenue Code, 26 U.S.C. § 1401 requires employers to deduct the employee's share of F.I.C.A. taxes from the total amount of wages as and when paid. Section 1430, 26 U.S.C. § 1430 makes the penalty of Section 2707 applicable to this tax also.

Section 2707 of the 1939 Internal Revenue Code provides as follows:

"Sec. 2707. Penalties

"(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.

\*    \*    \*    \*    \*    \*

"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." (26 U.S.C. 1952 ed., § 2707)

The questions presented are:

(1) Whether the plaintiff was a "person" under a duty to collect and pay the taxes within the purview of Section 2707 (d); and

(2) Whether plaintiff willfully failed to collect and pay over to defendant withholding and F.I.C.A. taxes imposed against the Appalachian Zinc Co., Inc., on wages paid to employees within the meaning of Section 2707(a) of the 1939 Internal Revenue Code.

The Appalachian Zinc Co. was set up as a Tennessee corporation in the early part of 1949 for the purpose of the mining of zinc ore. Mr. Wiggins was the active person in setting up Appalachian, together with New Jersey Zinc Exploration Co. The purpose of organizing the corporation seems to be that the New Jersey Company sought to have exploratory mining in Tennessee with a view of buying or leasing without assuming any obligations and Mr. Wiggins felt that he could make money out of the venture. Mr. Wiggins started with less than a shoestring as he borrowed from the New Jersey Company $1,000, which was the sole capital stock of the corporation. He endorsed his stock in blank and sent it to the New Jersey Company.

The New Jersey Company paid to Appalachian $10,000 per month for five months and after that a certain percent on production. As long as Appalachian received the $10,000 per month it flourished, but when the other arrangement went into operation Appalachian began to accumulate debts, went down hill and in slightly more than one year folded and quit.

Appalachian did not collect or pay withholding income taxes and F.I.C.A. taxes on the wages of Appalachian employees for the four quarters of 1949, which amounted to $1,608.12. The Commissioner of Internal Revenue concluded that Mr. Wiggins was the responsible person who willfully failed to pay the taxes and imposed upon Mr. Wiggins the penalty of $1,608.12 provided by Section 2707(a). Mr. Wiggins paid this penalty and filed a claim for refund.

The Court, at the trial, did not determine upon whom the burden of proof rests. It is not necessary to determine this question, but for the purpose of this case will presume that the burden of proof is upon the plaintiff.

In the operation of Appalachian during its activities, Mr. Wiggins was its president and treasurer. What he actually did was to spend some fourteen to sixteen hours per day in supervising the mining of zinc, including the arrangements to set up the mining equipment after acquiring it. He was engrossed in making the mining operation a success. While Mr. Wiggins signed the checks, he delegated to a bookkeeper all the duties of keeping up with the bills and obligations of Appalachian and depended upon him for the payment of all these obligations. While he knew that the tax claims were payable, in a general sense, he never had it brought home to him that Appalachian should be paying the taxes. It is true he received periodic reports from the bookkeeper disclosing obligations and payments, but these were principally for the New Jersey Company and perhaps would not have been made at all except for requirements by it.

This is not a controversy between the government and a taxpayer. This statute penalizes a third person for the conscious wrongful omission of a duty. The statute is directed at the person charged with the duty of collecting and paying the taxes and not simply one who may have authority to do so.

Mr. Wiggins having delegated to the bookkeeper the duties of keeping up with obligations and the payment thereof, it is quite doubtful that he is a "person" under the provisions of this statute.

■ The word "willfully" in this civil penalty statute does not involve a moral wrong, but does include a conscious act or omission.

The mere fact that the corporation may have had money to pay the taxes but used it to pay other bills, with the knowledge of Mr. Wiggins, would not be sufficient to establish a willful act. The proof would have to disclose that such conduct was done on purpose, knowing that the taxes were due but paying other bills ahead of them. The proof indicates

that Mr. Wiggins was very cooperative with the revenue agents after he had notice that these taxes had not been collected or paid.

It should be borne in mind that on the crucial questions no proof was presented, except the testimony of Mr. Wiggins and some inconclusive documentary evidence. There is no proof that Mr. Wiggins consciously failed to collect or pay these taxes, unless it be by inference and there is no inference of probative value.

The judgment will be for the plaintiff.

This opinion will serve as the findings of fact and conclusions of law.