**Rena FALIK, Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 62 Civ. 382.**

United States District Court
E. D. New York.

June 4, 1962.

Charles A. Simmons, Atty., Dept. of Justice, Joseph P. Hoey, U. S. Atty., and Martin R. Pollner, Asst. U. S. Atty., for defendant, in support of motion.

Robert E. Scher, New York City (Raphael, Searles & Vischi, New York City, of counsel), for plaintiff, opposed.

DOOLING, District Judge.

Defendant moves to dismiss, essentially on jurisdictional grounds, plaintiff's action, brought to cancel the purported lien on plaintiff's realty of certain tax penalties alleged to have been illegally assessed against plaintiff under 26 U.S.C.A. § 6672. The defendant's contention is that the United States has not consented to such a suit and that, moreover, since it is necessarily an action for declaratory relief, general grants of jurisdiction are not available to plaintiff because 28 U.S.C.A. § 2201 forbids declaratory relief against the United States in tax matters. Plaintiff argues that subject matter jurisdiction exists through the grant to the district courts of jurisdiction over matters arising under the internal revenue laws (28 U.S.C.A. § 1340) and that the United States has consented to be sued in the form plaintiff has chosen by virtue of 28 U.S.C.A. § 2410 which authorizes joinder of the United States in suits to quiet title where the United States asserts a lien interest in property. Plaintiff's suit requires that there exist a power in the Court to review the merit of the underlying assessment and a power, if the assessment is bad, to expunge the cloud on title represented by defendant's lien.

Plaintiff's attack is not on the Government's lien-perfecting procedure but on its administrative determination that plaintiff was liable under 26 U.S.C.A. § 6672 for the default of two corporations in performing their duties to pay withholding and social security taxes. The meagre complaint alleges that plaintiff had been an officer of two now defunct corporations but that she was not a responsible officer in the operation of the business of either corporation. She complains that nevertheless the Commissioner of Internal Revenue assessed some $11,400 against her for the corporate defaults under 26 U.S.C.A. § 6672 and filed liens for the amounts of the assessments against her described real property. These liens, she complains, are a cloud on her title that should be removed and accordingly she prays for a judgment cancelling them and vacating the underlying assessments as illegal. In theory, it will be seen, the complaint asks for an abatement of the assessments as well as for a cancellation of the liens. And, again in theory, if what plaintiff alleges is true, the assessments were very wrong indeed. See Botta v. Scanlon, 2 Cir., 1961, 288 F.2d 504, 506; Wiggins v. United States, E.D.Tenn.S.D.1960, 188 F.Supp. 374.

If Pipola v. Chicco, 2 Cir., 1960, 274 F.2d 909 appeared to bar plaintiff's access

to the remedy she has chosen, United States v. O'Connor, 2 Cir., 1961, 291 F.2d 520, 525–528 removes the apparent bar; if the assessment's rightness is issuable in a suit to collect "tax" under 26 U.S. C.A. § 7403 by enforcing a lien, it can hardly be safe from scrutiny when the property owner takes the initiative under 28 U.S.C.A. § 2410 and, by so doing, invites a counterclaim under 26 U.S.C.A. § 7403. Cf. Young v. United States, C.A. Ky.1962, 355 S.W.2d 144. If so much be true, then the elusive distinctions between erroneous use of the lien procedure and erroneous assessments underlying otherwise impeccably drafted and used liens (Pipola v. Chicco, supra, 274 F.2d at 912–914) disappears from this area to survive, no doubt, in the more imperative field of tax collection protected by 26 U.S.C.A. § 7421. Cf. Botta v. Scanlon, supra, 288 F.2d at 506–507. Enochs v. Williams Packing & Navigation Co. Inc., 1962, 82 S.Ct. 1125, plainly requires that and, given the complexity of the statutes so variously addressed to tax lien matters, requires no more than that.

It follows that the path narrowly opened by United States v. Coson, 9 Cir., 1961, 286 F.2d 453, and the existence of which has, at the least, been doubted (e. g. Remis v. United States, D.Mass.1959, 172 F.Supp. 732, aff'd, 1 Cir., 1960, 273 F.2d 293), does now exist and that plaintiff has tracked it. Cf. Petition of Sills, E.D.N.Y.1953, 115 F. Supp. 239. The availability of the technique of partial payment and refund suit outlined in Steele v. United States, 8 Cir., 1960, 288 F.2d 89 does not meet plaintiff's needs and she may not be remitted to it; her challenge is to the defendant's right to becloud her title to her property, a continuing and grievous damage, if she is, ultimately, in the right, as defendant's motion must assume; she is not required to seek an unwanted relief in the hope of getting the desired relief as a by-product; a refund suit on the taxes applicable to one employee could go off in her favor on a ground useless to her objective. An implication of jurisdiction here can be derived from United States v. Brosnan, 1960, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed. 2d 1192; the second case there considered was filed under 28 U.S.C.A. § 2410 and sustained though it would not have been difficult to argue that the superior appropriateness of relief under 26 U.S.C.A. §§ 6325(a) (1) and 7424 on the facts involved required confining the Bank to the relief afforded by those sections.

The complaint is not a forbidden one for declaratory relief; every adjudication implies a declaration of rights; if that declaration be mediate to granting familiar and unforbidden judicial relief, as here, 28 U.S.C.A. § 2201 opposes no bar. Compare: Etheridge v. United States, D.C.Cir.1962, 300 F.2d 906.

The motion is accordingly denied in all respects.

It is so ordered.