**Elsie B. SONITZ and Madeline Basile, Plaintiffs,**

v.

**The UNITED STATES of America, Arthur G. Darling and Skeffington, Haskins and Robottom, Defendants.**

**Civ. A. No. 758-62.**

United States District Court
D. New Jersey.
Sept. 20, 1963.

Charles M. Grosman, Newark, N. J., for plaintiff Elsie B. Sonitz; Aro G. Gabriel, Union City, N. J., for plaintiff Madeline Basile (William F. Kolbe and Leo C. Duersten, Foley, Capwell, Foley & Kolbe, Racine, Wis., of counsel), for both plaintiffs.

David M. Satz, Jr., U. S. Atty., Newark, N. J., by Vincent J. Commisa, Asst. U. S. Atty., for the United States; Louis F. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast and Arnold Miller, Dept. of Justice, Washington, D. C., of counsel.

Haskins, Robottom & Hack, by Guy H. Haskins, Jr., Bloomfield, N. J., for defendants, Arthur G. Darling and Skeffington, Haskins and Robottom.

AUGELLI, District Judge.

This action is brought under 28 U.S. C.A. §§ 1340, 2410 and 2463, and involves the validity of certain tax assessments made against plaintiffs.

According to the complaint, plaintiffs, Elsie B. Sonitz and Madeline Basile, were the daughter and wife, respectively, of one Joseph Basile, who is now deceased. On April 20, 1955, Joseph Basile paid $17,850.00 for a residential property located at 222 Watchung Avenue, Bloomfield, New Jersey, and had said property conveyed by warranty deed to plaintiffs as joint tenants.

On April 14, 1961, the Commissioner of Internal Revenue assessed certain taxes, penalties and interest against Joseph Basile, following a determination thereof made by the United States Tax Court on March 17, 1961. Basile died on June 22, 1961. Thereafter, on July 26, 1962, plaintiffs contracted to sell the property at 222 Watchung Avenue, by warranty deed, free and clear of all encumbrances, to defendant Arthur G. Darling, for $23,-000.00, title to pass on September 17, 1962. On September 14, 1962, the Internal Revenue Service, having learned of the contemplated sale, served plaintiffs with notices that each of them was liable to the United States of America as a transferee of the assets of Joseph Basile, and that jeopardy assessments ($16,925.-00 in the case of Elsie B. Sonitz and $24,-

513.02 in the case of Madeline Basile) had been made against them. Pursuant to the action thus taken, defendant United States of America claimed to have valid tax liens which attached to all of plaintiffs' properties, including 222 Watchung Avenue, as of September 14, 1962, and demanded the entire proceeds of the sale of said property. Upon plaintiffs' offer of delivery of a warranty deed to Darling, the purchase price was paid to defendant law firm of Skeffington, Haskins and Robottom, attorneys for Darling, as escrowee, and Darling took possession of the premises.

Plaintiffs contend that the assessments made on September 14, 1962 are barred by the one year statute of limitations imposed by section 6901(c) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6901(c) (1), and that therefore any liens arising thereunder on any of their properties are invalid. They also deny that Joseph Basile was insolvent when he made any transfers of property to them or that he was rendered insolvent by such transfers so as to subject them to liability under section 6901 of the Code.

The principal relief sought by plaintiffs is that the September 14, 1962 assessments against plaintiffs be declared invalid, and the liens thereunder ineffective; that the United States of America be found to have no interest in or claim upon the realty at 222 Watchung Avenue, or the proceeds from its sale, or any other property of plaintiffs by virtue of the September 14, 1962 assessments; that the law firm of Skeffington, Haskins and Robottom be ordered to pay the proceeds of the sale to plaintiffs; and that the United States of America be ordered to expunge and remove all liens and repay to plaintiffs any amounts of money or other property seized or collected by virtue of said liens.

The United States of America has moved to dismiss the complaint on the grounds that the complaint fails to state a claim upon which relief may be granted; that the suit is prohibited by 28 U.S.C.A. § 2201, in that it is a suit seeking a declaratory judgment with respect to federal taxes; that the United States has not waived its sovereign immunity in this suit which seeks, under 28 U.S. C.A. § 2410, to inquire into the merits of the assessment underlying the lien sought to be expunged; that the suit is prohibited by 26 U.S.C.A. § 7421, in that it is an action seeking injunctive relief in restraining the assessment or collection of a tax; and that the suit is prohibited by 26 U.S.C.A. § 7422, as being a suit for refund.

■■ The Court has jurisdiction over the subject matter of this action under 28 U.S.C.A. § 1340, relating to suits arising under the internal revenue laws. In the Court's opinion, this suit is not one for a declaratory judgment, nor for an injunction, nor for a refund. Essentially it is an action to expunge Government tax liens, and thereby quiet title to property of the plaintiffs. The Government raises the issue as to whether it has waived its sovereign immunity in this case. The resolution of this issue depends on the Court's construction of 28 U.S.C.A. § 2410(a), which provides that the United States consents, under prescribed conditions, to be

"* * * named a party in any civil action or suit in any district court * * * to quiet title to * * * real or personal property on which the United States has or claims a * * * lien."

The Government contends that in a suit to quiet title under this section, only the procedural defects of the *lien* sought to be expunged can be examined by the Court; and that the merits of the *assessment* underlying the lien, including procedural defects in such assessment, are not a proper subject of inquiry. In support of its argument, the Government relies primarily on the case of Pipola v. Chicco, 274 F.2d 909 (2 Cir., 1960).

The issue of whether a suit to inquire into the merits of an assessment is maintainable under 28 U.S.C.A. § 2410 has had an interesting history in the Second Circuit. At first, in Pipola v. Chicco, supra, the Court held that such an action was not permitted. This opinion was

largely based on the Government's argument that since in a suit by the United States to enforce a tax lien under what is now 26 U.S.C.A. § 7403, the taxpayer could not inquire into the merits of an assessment, the taxpayer should not be entitled to raise this issue in an action under 28 U.S.C.A. § 2410, which merely permits the taxpayer to initiate the suit on a lien. Later, in United States v. Coson, 286 F.2d 453, 463–464 (9 Cir., 1961), another Court of Appeals appeared to be troubled with Pipola on this point. Finally, in United States v. O'Connor, 291 F.2d 520, 526 (2 Cir., 1961), the Second Circuit overruled Pipola after the Government had confessed error in arguing in Pipola that in a suit under 26 U.S.C.A. § 7403, the taxpayer may not challenge the merits of the assessment underlying a tax lien. Since the basic premise in Pipola was found to have been incorrect, its holding that the merits of the assessment could not be raised in a suit under 28 U.S.C.A. § 2410 was of doubtful validity. In Falik v. United States, 206 F.Supp. 181 (E.D.N.Y.1962), the district court adopted this view, and held that the merits of an assessment could be challenged under section 2410.

The Government says in effect that the Falik case was incorrectly decided, and that the O'Connor overruling of Pipola was limited to cases involving a section 7403 lien foreclosure suit by the Government. It argues that Pipola was also based on a finding by the Court that section 2410 was not intended to permit inquiry into the merits of an assessment, and that even if the taxpayer is permitted to question the assessment under section 7403, it was not intended he should have that power under section 2410. Finally, the Government asserts that the allowance of an inquiry into the merits of an assessment under section 2410 would sanction an easy circumvention of the Government's refund or Tax Court procedures, and result in a multiplicity of lawsuits by taxpayers who would challenge their assessments piecemeal, as tax liens attach to their property. See Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958).

■ This Court is of the opinion that since the taxpayer can inquire into the merits of an assessment in a suit by the Government under 26 U.S.C.A. § 7403 to enforce a tax lien, there is no reason to deny the taxpayer this right in an action which he brings under 28 U.S.C.A. § 2410 to expunge such a lien. See Falik v. United States, supra, 206 F.Supp. at p. 182. The discussion in Pipola (274 F.2d at pp. 913–914) of the legislative history behind the adoption of the amended section 2410 was largely based on Supreme Court dicta in Bull v. United States, 295 U.S. 247, 260, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), to the effect that a taxpayer could not challenge the merits of an assessment under section 7403. Since the Government has admitted error in this regard, the legislative history affords little additional light on the subject. See United States v. O'Connor, supra, 291 F.2d at pp. 526–527. As to the Government's objections to the taxpayers' refusal to follow the refund or Tax Court procedures, suffice it to say that section 2410 exists to permit taxpayers to expunge Government tax liens and thereby quiet title to their property. This is primarily the relief plaintiffs seek in this case in order to be able to sell their Watchung Avenue property free and clear of all liens by warranty deed as they have contracted to do. They should not be deprived of this relief merely because other courses of action might be available to them, which they have chosen not to take.

■■ The Court holds that this is a suit to quiet title, maintainable under 28 U.S.C.A. § 2410. The Court has jurisdiction to determine the validity of the tax assessments against plaintiffs, and to grant any other relief incidental to such determination. The motion of the defendant United States will be denied in all respects. Submit order.