**William H. SEFF**

v.

**Irving MACHIZ, District Director of Internal Revenue Service.**

**Civ. No. 16314.**

United States District Court
D. Maryland.

Sept. 15, 1965.

R. Lewis Bainder, Baltimore, Md., for plaintiff.

Thomas J. Kenney, U. S. Atty., Robert W. Kernan, Asst. U. S. Atty., Baltimore, Md., and Levon Kasarjian, Jr., Attorney, Department of Justice, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

This is "an action for the cancellation of a tax lien filed by the United States", in which jurisdiction is claimed under 28 U.S.C.A. § 2410. The sketchy complaint alleges that on 27 January 1956 plaintiff and the Commissioner of Internal Revenue entered into a compromise agreement under which the plaintiff agreed to pay the sum of $10,000 in settlement of his unpaid income taxes for the years 1941 to 1944, inclusive, including interest and penalties; that there is now due and owing on said compromise agreement $1,582.50, which plaintiff is prepared to tender to the proper official upon the cancellation and extinguishment of the tax lien, but that plaintiff is advised and therefore avers that defendant refuses to cancel said tax lien upon payment of $1,582.50. Plaintiff demands "that the Court try to ascertain that the correct amount payable under said compromise agreement is $1,582.50 and that upon payment of same the lien of said notice of Federal Tax Lien aforesaid be cancelled for nought against the Plaintiff, and that upon payment of said sum the Defendant be forever enjoined and restrained from asserting, claiming or setting upon any right, title and interest in and to any property of the Plaintiff", and for other and further relief. Defendant has moved to dismiss the action on the ground that the Court lacks jurisdiction.

■ Preliminarily, it should be noted that the United States is an indispensable party to any action to remove or cancel an income tax lien. Czieslik v. Burnet, E.D.N.Y., 57 F.2d 715 (1932); Stafford Mills v. White, D.Mass., 41 F.2d 58 (1930); Maryland Casualty Company v. Charleston Lead Works, E.D.S.C., 24 F.2d 836 (1928); Jones v. Tower Production Co. et al., 10 Cir., 138 F.2d 675 (1943). The government might be added by amendment, but the action would still have to be dismissed for lack of jurisdiction.

■■ Section 2410 was intended to permit the United States to be joined as a party in a limited class of cases, namely, "suits to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien". It was not intended to grant jurisdiction over a suit by a taxpayer to question the amount of taxes due or to enjoin the enforcement of a tax lien. Broadwell v. United States, E.D.N.C., 234 F.Supp. 17 (1964), aff'd 4 Cir, 343 F.2d 470 (1965); Cooper Agency Inc. v. McLeod, E.D.S.C., 235 F.Supp 276 (1964); and cases cited in those opinions, especially Remis v. United States, D.Mass., 172 F.Supp. 732 (1959), aff'd 1 Cir., 273 F.2d 293 (1960), in which Judge Aldrich reviewed the legislative history of section 2410 and said: "Taking this history as a whole, I think it reasonably apparent that what concerned Congress was admitting the government into actions as an additional party when necessary for complete relief, and not the creation of new jurisdiction in the federal courts for the special purpose of suing the government." 172 F.Supp. at 733. See also Quinn v. Hook, E.D.Pa., 231 F.Supp. 718, aff'd 3 Cir., 341 F.2d 920 (1965); Falik v. United States, 2 Cir., 343 F.2d 38 (1965).

The motion to dismiss is hereby granted.