**JUNIPER DEVELOPMENT GROUP, a Massachusetts partnership, Olympia Nominee Trust; George Whitten, Amy Whitten, and Charles Whitten as trustees, and George D. Whitten, individually, Plaintiffs,**

v.

**UNITED STATES of America and United States Environmental Protection Agency, Defendants.**

**Civ. A. No. 89–2569–K.**

United States District Court,
D. Massachusetts.

Aug. 7, 1990.

Louis N. Massery, Cooley, Manion, Moore & Jones, Boston, Mass., for plaintiffs.

Craig D. Galli, Environment and Natural Resources Div., Environmental Defense Section, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. This action arises out of the imposition of a lien on certain property in Woburn, Massachusetts by defendant Environmental Protection Agency ("EPA"). The plaintiffs are present and former owners of the property and persons affiliated with them. The amended complaint seeks the following relief: first, a mandatory injunction requiring the EPA, Region I to enter into a *de minimis* landowner settlement with plaintiffs, pursuant to 42 U.S.C. § 9622(g); second, a declaration of nonliability based on the plaintiffs' status as "innocent landowners," 42 U.S.C. §§ 9607(b)(3), 9601(35); third, a declaration of nonliability based on the

EPA's inaction before plaintiffs purchased the property, which they claim constituted a waiver of all claims; fourth, a claim that the EPA's acts amount to an unconstitutional taking without just compensation or due process of law; fifth, a claim that the EPA's imposition of the lien constitutes a deprivation of property without due process; and sixth, a request for an order dissolving and removing the lien with respect to two lots of the property.

The amended complaint states that this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 133(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(b); § 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; the Fifth Amendment to the Constitution; and 28 U.S.C. § 2410(a)(1).

■ CERCLA authorizes the EPA to undertake removal or remedial action whenever there is a release or substantial threat of release into the environment of any hazardous substance or of "any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare." 42 U.S.C. § 9604. "Removal" is aimed at preventing environmental damage in the short term, see 42 U.S.C. § 9601(23), and "remedial action" is focused on permanently cleaning up a site, see 42 U.S.C. § 9601(24). Section 107(a) of CERCLA imposes liability for incurred response costs, including the costs of removal or remedial action, on "responsible parties," defined to include past or present owners or operators of a site, as well as parties who generated, transported or accepted hazardous substances. 42 U.S.C. § 9607(a). This section also provides that a federal lien can be placed on a site and used as a basis for recovery by the United States to the extent that response costs are not recovered from responsible parties; recovery on the lien may occur only through an *in rem* action filed by the United States. 42 U.S.C. § 9607(*l*).

Congress has provided special procedures for judicial review of EPA actions under CERCLA. Federal district courts have exclusive original jurisdiction over all such controversies. 42 U.S.C. § 9613(b). Under CERCLA's timing of review provision, however, federal courts have jurisdiction over challenges to EPA removal or remedial actions only if they fall within five narrow categories of actions, none of which applies in this case. 42 U.S.C. § 9613(h). The purpose of this limitation on federal court jurisdiction over challenges to EPA activities under CERCLA is to prevent litigation that will delay the EPA's cleanup efforts. Statements in the legislative history of the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 *et seq.* (1986), which added the timing of review provision, support this view:

> [T]he timing of review section ensures that Government and private cleanup resources will be directed toward mitigation, not litigation. The section is designed to preclude piecemeal review and excessive delay of cleanup. Interested parties will be able to participate early in a more regularized administrative process instead of making premature challenges in court to remedy selection or liability.
>
> \*     \*     \*     \*     \*     \*
>
> The timing of review section is intended to be comprehensive. It covers all lawsuits, under any authority, concerning the response actions that are performed by EPA and other Federal agencies, by States pursuant to a cooperative agreement, and by private parties pursuant to an agreement with the Federal Government. The section also covers all issues that could be construed as a challenge to the response, and limits those challenges to the opportunities specifically set forth in the section.

132 Cong.Rec. § 14928–29 (daily ed. Oct. 3, 1986) (statement of Sen. Thurmond, chairman of the Judiciary Committee that drafted SARA's judicial review provision).

Plaintiffs contend that the timing of review provision is inapplicable because their challenge of their CERCLA liability is not a challenge to a "removal or remedial action." However, both removal and remedi-

al actions are defined to include "enforcement activities related thereto." 42 U.S.C. § 9601(25). To the extent plaintiffs challenge their liability, or the extent of such liability, they cannot obtain judicial review until the government brings a cost recovery action. *See Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380 (5th Cir.1989). To the extent plaintiffs seek to remove or modify the lien, they are challenging an enforcement activity related to the EPA's planned remedial action. Therefore, plaintiffs' challenge to the lien is a "challenge to a removal or remedial action" and is precluded from judicial review at this time by 42 U.S.C. § 9613(h).

■ Plaintiffs also rely on § 702 of the APA. "The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' ... but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review,' 5 U.S.C. § 701(a)(1). Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block v. Community Nutrition Institute*, 467 U.S. 340, 345, 104 S.Ct. 2450, 2453–54, 81 L.Ed.2d 270 (1984).

Plaintiff contends that the EPA has identified no language or specific legislative intent that would overcome the presumption in favor of judicial review, *id.* at 349, 104 S.Ct. at 2455. They argue that the EPA relies only on § 113(h), which they say is inapplicable. As discussed above, however, plaintiffs' claims do fall within § 113(h). A number of courts have interpreted § 113(h) to preclude judicial review under § 702 of the APA. *See Voluntary Purchasing Groups, supra; Alabama v. EPA*, 871 F.2d 1548 (11th Cir.), *cert. denied*, 493 U.S. 991, 110 S.Ct. 538, 107 L.Ed.2d 535 (1989); *Dickerson v. EPA*, 834 F.2d 974 (11th Cir.1987); *Wheaton Industries v. EPA*, 781 F.2d 354 (3d Cir.1986). This interpretation is consistent with CERCLA's own statutory scheme for judicial review, with its legislative history, discussed above, and with its objectives of facilitating prompt government cleanup of hazardous waste discharges and prevention of future releases. *See Exxon Corp. v. Hunt*, 475 U.S. 355, 359–60, 106 S.Ct. 1103, 1107–08, 89 L.Ed.2d 364 (1986). I conclude that § 702 of the APA does not provide a basis for jurisdiction over the plaintiffs' claims.

■ Nor can plaintiffs rely on 28 U.S.C. § 2410(a)(1), which provides that the United States may be named a party in an action in federal court to quiet title. This provision "merely waives sovereign immunity, but does not authorize a suit unless there are jurisdictional grounds independent of the statute." *Remis v. United States*, 273 F.2d 293, 294 (1st Cir.1960). As discussed above, neither CERCLA nor the APA provides an independent source of jurisdiction for plaintiffs' claims.

■ Finally, plaintiffs allege that this court has jurisdiction under 28 U.S.C. § 1331, which states that district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This statute, however, is not a general waiver of sovereign immunity, but merely establishes subject matter that is within the competence of federal courts to entertain. *Coggeshall Development Corp. v. Diamond*, 884 F.2d 1 (1st Cir.1989). Therefore, § 1331 cannot be the basis of jurisdiction in this case. *Voluntary Purchasing Groups*, 889 F.2d at 1385.

I now turn to plaintiffs' constitutional claims. Plaintiffs' fourth claim for relief states that the EPA's actions amount to an unconstitutional taking of plaintiffs' land without just compensation and due process of law. If plaintiff is seeking money damages in excess of $10,000 (the complaint does not specify an amount), this court is without jurisdiction, because the Claims Court has exclusive jurisdiction of such claims. 28 U.S.C. §§ 1346(a)(2), 1491. If plaintiffs' takings claim does not exceed $10,000, they will be given an opportunity to amend their complaint to make this

clear. If they do not so amend their complaint this claim will be dismissed.

 Plaintiffs' fifth claim for relief states that "the EPA's imposition of a lien on [their] property constitutes a deprivation of property without due process of law" in violation of the Fifth Amendment. Defendants argue that plaintiffs fail to state a claim, relying on the recent decision of the district court in a closely analogous case, *Reardon v. United States*, 731 F.Supp. 558 (D.Mass.1990). The *Reardon* court, after deciding that CERCLA's timing of review provision did not preclude consideration of plaintiffs' due process claims, determined that "[u]nder present case law, the federal lien [authorized by 42 U.S.C. § 9607(*l*)] does not amount to a deprivation of a significant property interest protected by the due process clause." 731 F.Supp. at 573. *Reardon* is now on appeal to the First Circuit, which heard arguments in the case on August 1, 1990. Because the First Circuit's decision in *Reardon* may be dispositive of issues raised in this case, I will deny defendants' motion to dismiss the complaint as to plaintiffs' due process claims. However, this denial will be without prejudice to defendants' renewing the motion later, if they wish to do so in light of the First Circuit's opinion in *Reardon*.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiffs' first, second, third, and sixth claims for relief are dismissed for lack of subject matter jurisdiction.

(2) Plaintiffs' takings claim for money damages will be dismissed for lack of subject matter jurisdiction unless, on or before September 7, 1990, plaintiffs amend the complaint to make clear that this claim does not exceed $10,000.

(3) Defendants' motion to dismiss the complaint is denied as to plaintiffs' due process claims, without prejudice to defendants' renewing the motion after the First Circuit releases its opinion in *Reardon v. United States*, No. 90–1319.