Sol NEHF et al., Plaintiffs,

v.

UNITED STATES of America and E. C. Coyle, District Director, Defendants.

No. 66 C 1260.

United States District Court
N. D. Illinois, E. D.
Oct. 27, 1967.

Max Reinstein, Chicago, Ill., for plaintiffs.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Thomas J. Curoe, Asst. U. S. Atty., for defendants.

### MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendants' Motion for Summary Judgment.

Plaintiffs seek the enforcement of an alleged agreement entered into on December 13, 1961 between themselves and Harold All, then the District Director of the Internal Revenue Service, wherein the Director agreed to pay $15,-814.58 to the plaintiffs.[1] The District Director apparently had received that amount pursuant to a levy served upon the Chicago Land Clearance Commission.

The agreement apparently provided that if the government did not prevail in the pending case of United States v. Crest Finance Co., 291 F.2d 1 (7th Cir. 1961), plaintiffs would be entitled to the money, since they would hold a lien position superior to the above-mentioned levy. Although unrelated factually to this case, *Crest* presumably presented a legal issue of lien priority identical to the dispute between plaintiffs and the Government. The Government lost the Crest case, and plaintiffs contend that the rule of law enunciated therein supported the priority of their liens on file with the Chicago Land Clearance Commission, and required the Internal Revenue Service to pay over to them the aforesaid sum, under the terms of their agreement. The defendants named herein are the United States and E. C. Coyle, currently the District Director of Internal Revenue.

The Government filed its answer, in which it denied any liability, claimed that a portion of the alleged agreement was the result of mutual mistake, and insisted that this Court lacks subject matter jurisdiction herein. The Government then served the instant motion for summary

1. In paragraphs 4, 6, and 7 of the complaint, plaintiffs also seek the recovery of certain monies totaling $857.50, which had been sequestered by the Director. The Government since has paid that sum plus interest to the plaintiffs, making that aspect of the case moot. See affidavit of Carl H. Miller, Attorney for the Department of Justice, in support of motion for summary judgment.

judgment to test its contention that we are without jurisdiction in this cause.

■ In the complaint, jurisdiction is hinged upon 28 U.S.C. Sec. 1331 [2], the general federal question jurisdictional statute. However, under the doctrine of sovereign immunity, suits against the United States may not be maintained without an express grant of statutory authority. Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Section 1331 does not confer such authority.

■ The Government maintains that this is an action upon an express contract, and is correct in its assertion that under 28 U.S.C. Sections 1346(a) (2), and 1491, the United States Court of Claims has exclusive jurisdiction over contract actions against the Government exceeding $10,000 in amount.[3] Since the complaint herein seeks more than that amount, the Government contends that this case properly belongs in the Court of Claims.

The plaintiffs apparently realize the validity of the Government's position. In their brief opposing the instant motion, they seek leave to add Sections 1340, 2410, and 2463 of Title 28, as "additional and further bases for the jurisdiction of this Court." [4] Section 1340 provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court."

■ Even assuming arguendo that this action arises under a federal statute providing for internal revenue, Section 1340 is merely a grant of general jurisdiction, and is not a waiver by the United States of its immunity from suit. Jurisdiction against the United States under Section 1340 must be supported by some other statute which specifically waives the sovereign's immunity. Falik v. United States, 343 F.2d 38, 40 (2d Cir. 1965); Cooper Agency, Inc. v. McLeod, 235 F. Supp. 276 (D.C.S.C.1964), affirmed 348 F.2d 919 (4th Cir. 1965); Quinn v. Hook, 341 F.2d 920 (3d Cir. 1965). To supply the necessary consent, plaintiffs evidently rely on Section 2410(a), which states:

"Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States my be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

■ Although it appears that a Government levy was seemingly responsible for the Government's current possession of the monies in dispute, we do not think that plaintiffs may rely upon Section 2410(a) to sustain jurisdiction, in view of the posture of the pleadings herein.

---

**2.** Section 1331(a) provides:
"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

**3.** Section 1346(a) (2) provides:
"(a) The district courts shall have original jurisdiction concurrent with the Court of Claims, of:
"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express

or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."
Section 1491 provides:
"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

**4.** For purposes of this motion we will allow plaintiffs to so amend their complaint.

At first blush, it may appear that the government's possession constitutes a cloud upon plaintiff's title to the property. However, in Remis v. United States, 172 F.Supp. 732, 733 (D.Mass.1959), affirmed 273 F.2d 293 (1st Cir. 1959), Judge Aldrich cogently put the quietus to the argument that Section 2410(a) is to be literally interpreted without reference to its legislative history. In *Remis*, the purchaser of real estate at a mortgagee's sale sought to quiet his title as against the United States which had asserted junior liens against the property. Judge Aldrich pointed out that Sec. 2410(a) was designed to allow parties to join the United States in a limited class of cases, as provided in the statute, and stated: (at 733)

> "Taking this history as a whole, I think it reasonably apparent that what concerned Congress was admitting the government into actions as an additional party when necessary for complete relief, and not the creation of new jurisdiction in the federal courts for the special purpose of suing the government."

Subsequent cases have rejected various taxpayers' attempts to use Section 2410 (a) to question the amount of taxes due or to enjoin the enforcement of tax liens. Falik v. United States, 343 F.2d 38 (2d Cir. 1965); Cooper Agency, Inc. v. McLeod, 235 F.Supp. 276 (E.D.S.C.1964), affirmed 348 F.2d 919 (4th Cir. 1965); Quinn v. Hook, 231 F.Supp. 718 (E.D.Pa. 1964), affirmed 341 F.2d 920 (3d Cir. 1965); Seff v. Machiz, 246 F.Supp. 823 (D.Md.1965).

The instant plaintiff seemingly would have this court invoke Section 2410(a) to compel enforcement of an alleged contract with the Government which stems from the parties' respective positions as lienors upon certain property once held by the Chicago Land Clearance Commission. Although plaintiffs claim that the "case is not founded upon contract but upon an interpretation of the Internal Revenue Laws relative to priorities of liens," their own complaint belies their argument. The following illustrative excerpts from the

complaint are indicative of the true nature of this action:

> "1. That on the 13th day of December, 1961, an *Agreement* was entered into between Harold R. All, the then District Director of Internal Revenue at Chicago, Illinois, and the plaintiffs, wherein the Director of Internal Revenue *agreed to pay* over to the plaintiffs the sum of $15,814.58 * * *

> * * * * * *

> "3. That the final disposition of the Crest case supported the priority of the liens which the plaintiffs had on file with the said CHICAGO LAND CLEARANCE COMMISSION and, accordingly, required the Office of the Director of Internal Revenue, *under the terms of said Agreement,* to pay over to the plaintiffs * * *

> * * * * * *

> "5. * * * the attorney for the plaintiffs * * * made demand * * for the payment to the plaintiffs of the $15,814.58, *which was due them under the terms of said contract,* as aforesaid * * *

> "7. The defendants have refused to acknowledge the terms *of the contract entered into by them* * * * " (All emphasis added)

It becomes apparent that plaintiffs have attempted to restyle their lawsuit so as to cast it in a stance cognizable by this court. However, the very words of their complaint make it clear that they are suing upon an express contract, which incidentally arose from a lien priority dispute between themselves and the Government.

In Remis v. United States, 273 F.2d 293 (1st Cir. 1960), cited above for Judge Aldrich's opinion in the District Court, the Court of Appeals dealt swiftly with the allegation that jurisdiction was present under Sections 1340 and 2410(a) because "there is inherent in the complaint a controversy as to the validity of tax liens arising under the Internal Revenue Code." The plaintiff therein complained

that the Government's junior liens were invalid as to him. The court held:

"The short answer to this contention is that the complaint contains no allegation controverting the fact that valid federal liens attached to the property or that they were properly recorded, and there is no question as to the priority of the mortgage which the government admits. In sum, the issue raised now clearly is concerned not with the validity or priority of the liens, but with their extinguishment in a manner not permitted by the statutes, and Section 1340 is therefore not applicable."

The instant complaint, as in *Remis*, contains no allegation that the Government's lien was invalid due to procedural irregularity, Falik v. United States, 343 F.2d 38, 42 (2d Cir. 1965); cf. United States v. Coson, 286 F.2d 453, 463 (9th Cir. 1961), or was inferior to plaintiffs' lien. It merely seeks the enforcement of a contract with the Government which was hinged upon the outcome of a case having no factual relationship to the liens held by the parties hereto.

Inasmuch as the complaint is based upon a contract claim, and seeks damages in excess of $10,000, it cannot be pursued against the Government in this Court since Section 1346(a) (2) vests exclusive jurisdiction over such actions in the United States Court of Claims. The Government's motion for summary judgment is granted for the limited reason that this Court lacks subject matter jurisdiction over the contract allegations of the instant complaint.

■■ We must also dismiss the complaint as to defendant E. C. Coyle. In substance, the suit against Coyle is an attempt to circumvent the doctrine of sovereign immunity by suing an agent of the government. However, where the agent is merely acting within his official capacity, he is acting on behalf of the government and the courts have treated suits against such agents as falling within the sovereign immunity doctrine. Larson v. Domestic & Foreign Commerce Corp.,

337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Reisman v. Caplin, 115 U.S.App.D.C. 59, 317 F.2d 123 (1963).

That this suit is governed by those cases is apparent from the terms of the complaint. The District Director in 1961, Harold All, is alleged to have entered into the disputed agreement on behalf of the Government. There can be no doubt that Coyle has been named a party defendant solely because of his official capacity, since he had no personal contact with the disputed contract. Indeed there is no allegation that he acted beyond the scope of his official duty.

The motion for summary judgment is granted in favor of both defendants.