**Sol NEHF and Charles Brown, d/b/a Capitol Discount Company, Plaintiffs,**

v.

**UNITED STATES of America and E. C. Coyle, Jr., District Director of Internal Revenue, Defendants.**

No. 67 C 2092.

United States District Court
N. D. Illinois, E. D.
April 25, 1969.

Max A. Reinstein, Chicago, Ill., for plaintiffs.

Thomas A. Foran, U. S. Atty., for the Government.

## MEMORANDUM OPINION

Cross-Motions for Summary Judgment

MAROVITZ, District Judge.

This is an action to recover $15,814.58 allegedly "illegally seized" by defendants and "there is here involved the question of priority of claims on these monies." Complaint, ¶¶ 7, 10. While the Complaint (¶ 6) alleges the money was held pursuant to a tax levy on the Chicago Land Clearance Commission, the parties have stipulated that no money was received by defendants pursuant to the levy. Stipulation of Facts, ¶ 18. To the extent plaintiffs have any valid claim, it must rest on grounds other than those alleged. Quite briefly, plaintiffs were assignees of proceeds to be received by the Atlas Wrecking Co. from a contract with the Chicago Land Clearance Commission. On May 29, 1961, the Commission issued a check of $25,510.50 to Atlas. Atlas deposited the money in an Atlas bank account, which contained a $1,014.43 balance, rather than paying the money to plaintiffs. On May 29, 1961, Atlas drew a check for $5,000 payable to the District Director of the Internal Revenue Service in partial payment of withholding tax then due and owing. On July 12, 1961, Atlas drew

another check for $4,821.63 to the same party for the same reason. Neither the Commission nor the Revenue Service knew of the assignment.

Relying on Ill.Rev.Stat. Ch. 121, § 221 (since repealed) as authority for their position, plaintiffs contend that where an assignor, e.g., Atlas Wrecking Co., assigns the proceeds of an executory contract to an assignee, e.g., the plaintiffs, the assignee can recover from a third party, e.g., the government, the proceeds which the assignor receives and then spends with the third party, notwithstanding the fact that the assignee failed to give notice of the assignment. Plaintiffs argue that their rights under this statute were superior to anyone claiming any of the monies paid to Atlas by the Chicago Land Clearance Commission after the assignment between Atlas and plaintiffs. Plaintiffs further argue that a fraud was perpetrated on them and that defendants cannot be even innocent beneficiaries of the fraud. The government, which seeks summary judgment, urges that the court lacks jurisdiction by virtue of the doctrine of sovereign immunity, that the applicable statute of limitations, 28 U.S.C. § 2401, bars this action, and that plaintiffs' theory of defendants' liability is without foundation in law.

Initially, we recall that on July 8, 1966, defendant filed an action to recover $15,814.58 claiming a breach of an agreement entered into between plaintiffs and the District Director of Internal Revenue. This court granted summary judgment for the defendants in that case, Nehf v. United States, 278 F. Supp. 444 (N.D.Ill.1967). In their arguments in that case, plaintiffs asserted that the action was not based on contract, but on an issue of lien superiority. However, in light of the language of the complaint, the court treated the action as one based on a contract which incidentally arose from a lien priority dispute between the plaintiffs and the government. *Id.* at 447. The instant action was filed on December 5, 1967, less than two months after the summary judg-

ment was ordered. The parties, the transaction out of which both claims grew, and the prayers are essentially the same in both suits. However, as plaintiffs' theory is somewhat different now, the action is not barred.

■ We now reach the government contention that this court lacks jurisdiction in this suit by virtue of the doctrine of sovereign immunity. In their complaint, plaintiffs have asserted that jurisdiction lies by virtue of 28 U.S.C. §§ 1331, 1340, 1346(a)(2), 2410 and 2463. Complaint, ¶ 9. As we have said before, under the doctrine of sovereign immunity, suits against the United States may not be maintained without an express grant of statutory authority. Nehf v. United States, 278 F.Supp. 444, 446 (N.D.Ill.1967). The general federal question statute, 28 U.S.C. § 1331, does not confer such authority. *Id.* Similarly, assuming its relevance, 28 U.S.C. § 1340 is, at best, another grant of jurisdiction and not a specific statutory waiver. *Id.*

■ The applicability of 28 U.S.C. § 1346(a)(2) to this action has not been made clear by plaintiffs. In the original law suit in this matter, summary judgment was granted to defendants because that complaint was based on a contract claim which sought damages in excess of $10,000 while Section 1346(a)(2) vested exclusive jurisdiction over such actions in the Court of Claims. *Id.* at 448. In the instant case, the monetary claim as set forth in the Complaint (¶ 10) is still for more than $10,000. Thus, the complaint, as it stands, belongs in the Court of Claims. Of course, in their briefs, plaintiffs recognize that their present claim is for no more than $9,-821.63. Consequently, if amended, their complaint would fall within the monetary limitations of the statute. However, plaintiffs have still failed to demonstrate how they come within one of the five categories of claims covered by the statute. Because jurisdiction must be proven, not merely asserted, we find that this statute does not grant jurisdiction in this case as it is presently

framed. Even if there were jurisdiction here, though, the section still does not contain an explicit waiver of sovereign immunity.

■ Section 2463 of Title 28 is also relied upon by plaintiffs for jurisdictional purposes. Bartell v. Riddell, 202 F.Supp. 70, 74 (S.D.Cal.1962). Even assuming the correctness of this position, (but see, Morris v. United States, 303 F.2d 533, 535 (1st Cir.1962)) this statute does not constitute an explicit waiver of immunity either.

■ Finally, 28 U.S.C. § 2410 does contain a specific statutory waiver of governmental immunity to certain types of civil actions affecting property on which the United States has a lien. Plaintiffs' theory of recovery is not included in any of the five categories of permissible actions listed in the statute, however. As was said in another case where the government "seized" certain property in satisfaction of a tax debt,

> "(t)he suit is not a suit to quiet title, but to recover property the title to which is in the United States, a form of action as to which 28 U.S.C. § 2410 does not waive sovereign immunity." Trustees of the Puritan Church v. United States, 111 U.S.App.D.C. 105, 294 F.2d 734, 735 (1961).

See also, Falik v. United States, 343 F. 2d 38, 41 (2d Cir.1965).

■ In conclusion, the United States has not consented to be sued in an action such as this for monies which plaintiffs allege a third party should have paid to them and not to the United States in payment of that third party's taxes. This court, consequently, lacks jurisdiction over this matter. Similarly, defendant Coyle, merely acting in his official capacity, is also protected by the sovereign immunity doctrine. Nehf v. United States, 278 F.Supp. 444, 448 (N. D.Ill.1967).

Defendants have also asserted that the statute of limitations has run on this complaint. The government argues that the money which plaintiffs really seek, the $9,821.63 allegedly traceable to May 29, 1961, deposit of Atlas, was received by the District Director in May and July of 1961, and, consequently, that the statute of limitations began to run at that time. Plaintiffs' complaint was filed on December 5, 1967. Thus, say the defendants, it was filed more than six years after the alleged rights accrued and therefore is barred by 28 U.S. C. § 2401.

Plaintiffs, on the other hand, contend that the statute of limitations did not begin to run until the provisions of a Settlement Agreement between the parties, dated December 13, 1961, were violated by defendants. Under the provisions of the agreement, a copy of which is not attached to the complaint or to the Stipulation of Facts, but only to one of plaintiffs' briefs, the District Director was to determine the interests of the parties in light of a pending court decision. Plaintiffs' Capitol Discount Company claims it retained its right to litigate its interest, however. Plaintiffs claim this retention "waived" the limitations statute.

■ Plaintiffs position is replete with serious and fatal flaws. In the first place, the instant claim is not and cannot be based on an alleged breach of that agreement. Any new argument based on the agreement is barred by this court's decision in Nehf v. United States, 278 F.Supp. 444 (1967). In addition, the alleged waiver in the December, 1961, agreement would be ineffective to suspend the operation of the statute of limitations. First, the right allegedly retained by Capitol involved only the funds disputed in the agreement, i. e., those monies claimed by the government under a levy of October 17, 1961. No mention is made of the money already paid to the government, which money is, of course, the real subject of the instant suit. Secondly, even if we construed the agreement to cover the paid money, it is clear that the United States is not barred or estopped by the acts of its officers or agents in entering into agreements contrary to congressional enactment. Lomax v. United States,

155 F.Supp. 354, 358 (E.D.Penn.1957); Huntington Steel Corp. v. United States, 153 F.Supp. 920, 923 (S.D.N.Y.1957).

██ We believe that the right of action as to the claim superiority issue first accrued when Atlas paid allegedly assigned monies to the government instead of the assignee. Those payments were made on May 29, 1961, and July 12, 1961. The instant complaint was filed in December, 1967, after the applicable six year limitations period had tolled. The filing date of this complaint does not relate back to the filing date of the old complaint. We know of no precedent in a suit against the government for relation back to such a separate and distinct claim. To permit such a relation back would improperly extend the limitations statute against the government, which is to be strictly construed in any event. Crown Coat Front Co. v. United States, 275 F.Supp. 10, 15 (S.D.N.Y.1967).

██ Finally, with respect to the limitations issue, plaintiffs refer to 26 U.S.C. §§ 6503(b) and (g) which provide for the suspension of the applicable limitations periods in certain tax situations. The cited statutes, however, are relevant only to tax collections by levy or judicial proceeding made pursuant to 26 U.S.C. § 6502. Once again, plaintiffs seem to need reminding that no money has been received by levy and that the complaint to the extent it is valid at all, is not based on a levy or a collection made pursuant to 26 U.S.C. § 6502. Rather, the complaint is based on allegedly wrongful seizure of monies due plaintiffs in violation of an existing state statute. Whether or not that claim is valid, it has been presented too late.

In sum, plaintiffs action fails for lack of jurisdiction and for tardiness. We need not even discuss the merits of the suit. But see, Wain v. Kravitz, 324 Ill. App. 488, 58 N.E.2d 626 (1944). The motion for summary judgment is granted in favor of both defendants.