Gilbert **SHAW** and Gloria E. **Shaw**

v.

**UNITED STATES.**

Civ. A. No. 5617.

United States District Court,
D. Vermont.

April 15, 1970.

Gilbert Shaw and Gloria E. Shaw, pro se.

Norman Cohen, Asst. U. S. Atty., Rutland, Vt., for defendant.

## OPINION AND ORDER

LEDDY, Chief Judge.

On June 30, 1969, the plaintiffs, pro se, filed a civil action in this Court against the United States entitled: To Quiet Title to Plaintiff's Property by Removing Treasury Department Tax Lien. In the complaint, the plaintiffs asked to have the cloud on their title to property removed by invalidating a tax lien, and for injunctive relief restraining the Government from collecting the specific tax in issue. It appears from the complaint that for a period of time (1958–1963), the plaintiffs had certain foreign royalty income treated as capital gains. However, it is alleged that in 1964 and thereafter, this same income was classified as ordinary income which thereby denied the plaintiffs the more favorable tax treatment. According to the complaint, there is no basis in law or fact for this subsequent change in treatment by the Internal Revenue Service. On August 21, 1969, the defendant filed a motion to dismiss on the ground that this Court lacks jurisdiction over the person of the defendant because of the doctrine of sovereign immunity and on the alternate theory that the complaint fails to state a claim upon which relief can be granted.

Hearing was held on March 23, 1970, and memoranda submitted.

Starting with the premise that the United States is immune from suit unless it has specifically consented thereto, Dalehite v. United States, 346 U.S. 15, 30, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); United States v. Shaw, 309 U.S. 495, 500–501, 60 S.Ct. 659, 84 L.Ed. 888 (1940), the issue becomes whether in this type of federal tax case there has been a consent. At first blush, 28 U.S.C.A. § 2410(a) (1965) seems to waive immunity and to allow the plaintiffs to pursue their action in this Court. That section reads:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

In Falik v. United States, 343 F.2d 38 (2d Cir. 1965), a taxpayer brought an action in the Federal District Court to remove a tax lien of the United States as a cloud on her property. The lien was assessed because of delinquent withholding and social security taxes due from a corporation of which the plaintiff was a responsible officer. The United States moved to dismiss the action on the grounds of sovereign immunity and because of the bar against declaratory judgment tax relief.

The Circuit Court first concluded that the District Court had subject matter jurisdiction under 28 U.S.C.A. § 1340 (1962).[1]

---

1. 28 U.S.C.A. § 1340 (1962) reads:
   The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court.
   See also 28 U.S.C.A. § 1346(a) (1) (1962).

But then the Court stated:

However, 28 U.S.C. § 1340 alone would not enable the plaintiff to surmount the bars created by sovereign immunity and by the historical prohibition against injunctions or declaratory relief in federal tax matters.

343 F.2d at 40.

The Court then had to decide if section 2410(a) was a waiver by the United States of its immunity. The Court goes on to say:

\* \* \* [W]e are persuaded that the present action is not one contemplated by 28 U.S.C. § 2410(a) and cannot be entertained on any other ground.

343 F.2d at 40.

Upon consideration of its history and purpose, Judge Friendly concluded that Section 2410(a) was enacted for a three-fold purpose: (1) Permitting joinder when the lien of the United States was junior to that foreclosed, (2) permitting inquiry by a junior lienor into procedural irregularities of the United States lien, but not the underlying assessment itself, and (3) permitting discharge of United States liens that had been eliminated but not yet cancelled. Section 2410(a) did not intend to change the traditional rule of "pay first and litigate later" set forth in Flora v. United States, 362 U.S. 145, 164, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).[2]

Nor does this Court have jurisdiction to issue any injunction which the plaintiffs may request since the plaintiffs have an adequate remedy at law by paying the tax and suing for a refund in this Court. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961); 26 U.S.C.A. § 7421(a) (1967). Furthermore, this action is directed at the United States and an action to enjoin would have to be brought personally against the District

Director since the United States has not consented. 343 F.2d at 43.

Based on the foregoing reasons, the Government's motion to dismiss is hereby granted.

2. See Nehf v. United States, 278 F.Supp. 444 (N.D.Ill.1967) and Cooper Agency, Inc. v. McLeod, 235 F.Supp. 276 (E.D. S.C.1964), aff'd 348 F.2d 919 (4th Cir. 1965).