**UNITED PACIFIC INSURANCE COM-PANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 69–591.**

United States District Court, D. Oregon.

Oct. 12, 1970.

Kobin & Meyer, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Special Asst. U. S. Atty., Portland, Or., for defendant.

OPINION

SOLOMON, Chief Judge:

United Pacific Insurance Company (UPIC), as surety, sued to recover the $13,107.69 which the Federal Highway

Administration paid to the Internal Revenue Service.

In June, 1968, Korack Co. (Korack) contracted with the government, through the Federal Highway Administration, to construct highways in Oregon. Korack, as principal, and UPIC, as surety, gave the government a performance bond on each contract as required by the Miller Act, 40 U.S.C. §§ 270a(a), 270a(d). Korack assigned to UPIC all deferred payments, retainages, and money due Korack on the contracts in the event that UPIC had to complete the job.

In October, 1968, Korack defaulted. In completing the contracts, UPIC spent more than the contract price.

On January 2, 1969, the Internal Revenue Service served a notice of levy on the Federal Highway Administration. The notice informed the Administration that Korack owed the government $18,057.81 for withholding and unemployment taxes with interest on those taxes and penalties. On April 4, 1969, UPIC agreed that it was liable under the Miller Act performance bond for the unpaid withholding taxes. UPIC authorized a setoff of $16,440.82 against retainages held by the government on the Korack contract. UPIC denied liability for $1,606.99 in penalties assessed against Korack.

On July 8, 1969, the Internal Revenue Service notified the Federal Highway Administration that a tax lien for $13,107.69 was outstanding against Korack. $1,606.99 of this amount was the penalty UPIC refused to pay on April 4. The balance was tax assessed against Korack for which UPIC was not specifically liable under its performance bond. On August 18, 1969, the Federal Highway Administration paid the Internal Revenue Service this money from retainages under the Korack contracts. UPIC here claims the full amount.

This Court has jurisdiction only when there has been a levy. 26 U.S.C. § 7426[1] and 28 U.S.C. § 1346(e).[2] The government contends that the Internal Revenue Service's notice of lien here did not constitute a levy.

Section 7701(a) (21) of the Internal Revenue Code [26 U.S.C. § 7701(a) (21)] defines levy to include the power of distraint and seizure by any means. The Internal Revenue Service considered the two procedures to be identical. Its letter to the Bureau of Public Roads was headed "KORACK CORPORATION—Tax Levy." I find that the notice of lien was the full equivalent of a notice of levy and that this Court has jurisdiction.

The government's motion to dismiss is denied.

The Court of Claims in Security Insurance Company of Hartford v. United States, 428 F.2d 838 (1970), considered facts similar to those presented by this case. It held that a surety was entitled to recover from accumulated retainages, the amount in excess of the contract price that the surety expended to complete the contract pursuant to a performance bond, free from set-offs for the indebtedness of the contractor to the United States. *Security Insurance Company of Hartford* rejected Standard Accident Ins. Co. v. United States, 119 Ct. Cl. 749, 97 F.Supp. 829 (1951), which allowed the government a tax set-off against retainages assigned to a surety pursuant to a performance bond. I

---

1. "Civil actions by persons other than taxpayers.

(a) Actions permitted—
(1) Wrongful levy—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate."

2. "The district courts shall have original jurisdiction of any civil action against the United States provided in section 7426 of the Internal Revenue Code of 1954."

agree with *Security Insurance Company of Hartford*:

 UPIC also contends that the government cannot set off the $1,606.99 penalty. UPIC claims that it would be improper to assess a penalty against a surety without prior notice of its liability because the purpose of a penalty is to provide an incentive for timely payment. For this reason, W. E. Putnam, Chief of the Special Procedures Section of Internal Revenue Service, in an intra-office communication, stated:

> "It was determined in consultation with Regional Counsel's office that the bonding company would not be liable for payment of penalties, however the bonding company was not informed of that determination."

UPIC paid interest on the taxes; the government did not suffer a loss.

Now, the government asserts that penalties are included in the word "tax". Section 6659(a) (2) of the Internal Revenue Code of 1954 [26 U.S.C. § 6659(a) (2)] defines "tax" as including both interest and penalties. Even though the Miller Act does not provide that laborers or materialmen can recover attorney's fees, costs, penalties and interest, the courts have allowed such items when authorized by state law. Since the Miller Act allows interest and penalties to other claimants without specific statutory reference, the government claims that its tax claims should receive similar treatment.

The Miller Act, 40 U.S.C. § 270a(a), 270a(d), provides that sureties on performance bonds are liable for taxes the contractor incurs on the job, but makes no provision for penalties on those taxes. United States for Use and Benefit of Peevy v. Pensacola Construction Co., 257 F.Supp. 131 (W.D.Ark.1966), is the only penalty case on which the government relies. Based upon an Arkansas statute, the Court held that penalties may be assessed against a surety only when the surety contests the underlying debt. Here, no state statute provides for recovery of penalties against a surety and

here the surety, without contest, admitted the claim upon which the government now seeks a penalty.

I find that UPIC is entitled to $13,107.69.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.