**Thelma GUSH, Plaintiff,**

v.

**Raymond BUNKER and S. N. Anderson, Defendants.**

**Civ. A. No. C-72-55.**

United States District Court,
W. D. Tennessee, W. D.

Feb. 28, 1972.

Thelma Gush, pro se.

Thomas F. Turley, Jr., U. S. Atty. by Kemper B. Durand, Asst. U. S. Atty., Memphis, Tenn., for defendant.

## ORDER GRANTING MOTION TO DISMISS

WELLFORD, District Judge.

Plaintiff, Thelma Gush, filed an action in the Court of General Sessions for Shelby County, Tennessee, against defendants, Raymond Bunker and S. N. Anderson as officers of the Immigration and Naturalization Service, alleging that defendants fraudulently falsified and altered certain immigration papers and documents belonging to plaintiff "constituting fraud and false pretenses". The United States of America, by the United States Attorney, certified that defendants Bunker and Anderson were acting within the scope of their employment at the time of the incidents complained of by plaintiff, and sought removal to this Court pursuant to 28 U.S.C. § 2679, which requires the substitution of the United States of America as party defendant in these circumstances. The government has now moved the Court for an Order dismissing this action on the grounds that: (1) Suits of this nature are barred by the doctrine of sovereign immunity; and (2) Plaintiff has not exhausted her administrative remedies.

Initially, the Court finds that this action is one sounding in tort against the federal government and was properly removed to this Court. As we stated in Smith v. United States, 328 F.Supp. 1224, 1226 (W.D.Tenn.1971):

".   .   .   [A]fter an action has been brought against a government employee in state court, and the Attorney General certifies . . . that said employee was acting within the scope of his employment at the time of the [incident], the plaintiff no longer has a right to sue the employee individually in state court; on the contrary, the plaintiff's sole and exclusive remedy is against the United States."

See also Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968); Meeker v. United States, 435 F.2d 1219 (8th Cir.

1970); Hoch v. Carter, 242 F.Supp. 863 (D.C.N.Y.1965).

28 U.S.C. § 2679 reads as follows:

"(d) upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment . . . any . . . civil action . . . commenced in a State court shall be removed without bond . . . to the district court . . . and the proceedings deemed a tort action brought against the United States. . . ."

Having concluded that this is an action under the Federal Tort Claims Act [28 U.S.C. §§ 1346, 1504, 2401, 2402, 2671–2680], the Court will proceed to a discussion of the merits of the government's Motion to Dismiss.

## I. Sovereign Immunity

"[T]he United States is immune from suit unless it has specifically consented thereto. .   .   ." Shaw v. United States, 321 F.Supp. 1267, 1268 (D.Vt., 1970); see also, Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L. Ed. 1427 (1953); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L. Ed. 888 (1940).

Any claim arising out of misrepresentation or deceit is excluded under the Federal Tort Claims Act. 28 U.S.C. § 2680(h). As stated by the Court in Covington v. United States By and Through Dept. of Air Force, 303 F. Supp. 1145, 1149 (D.C.Miss., 1969):

"§ 2680(h) excludes all tort claims against the United States arising out of deceit or misrepresentation. . . All claims of fraud of any type are excluded from the operation of the Federal Tort Claims Act. .   .   ."

See also, United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); Jones v. United States, 207 F. 2d 563 (2nd Cir., 1953), cert. denied 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075, reh. denied, 347 U.S. 940, 74 S.Ct. 627, 98 L.Ed. 1089; Hall v. United States, 274 F.2d 69 (10th Cir., 1959).

■ It appearing that plaintiff's suit is essentially one based on fraud and deceit and that the sovereign has by express statutory language withheld its consent to be sued in such actions, defendant's Motion, to the extent it is grounded on sovereign immunity, is well taken.

## II. Exhaustion of Administrative Remedies

Pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act:

"An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the . . . wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency. . . ."

■ This Court must refrain from exercising its jurisdiction unless prior to the institution of this suit, plaintiff filed a claim with the appropriate administrative agency [in this case the Immigration and Naturalization Service of the United States of America] pursuant to the requirements of 28 U.S.C. § 2675(a). Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir., 1969); Peterson v. United States, 428 F.2d 368 (8th Cir. 1970); Driggers v. United States, 309 F.Supp. 1377 (D.C.S.C.1970); Smith v. United States, supra. Furthermore, it is generally conceded that a plaintiff does not satisfy the requirement of filing an administrative claim by commencing an action in state court against the individual employees. 28 C.F.R. § 14.2; Gunstream v. United States, 307 F.Supp. 366 (D.C.Cal., 1969); Meeker v. United States, supra. An affidavit has been filed by the government asserting that there has not been, in fact, a claim filed with the appropriate administrative agency. Nothing in the record appears to refute such an assertion.

On the basis of the foregoing, it appears that this Court cannot properly exercise jurisdiction over plaintiff's cause of action. Accordingly, it is Ordered that the government's Motion to Dismiss be and the same is hereby granted.