**STANDARD ACCEPTANCE COMPANY, an Illinois Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 70 C 3086.**

United States District Court, N. D. Illinois, E. D.

May 3, 1972.

Jay Erens and Earl B. Slavitt, Chicago, Ill., for plaintiff.

William J. Bauer, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

McLAREN, District Judge.

This case comes before the Court on the government's motion for summary

judgment. The basis for the dismissal sought is the absence of a waiver of sovereign immunity and the consequent lack of jurisdiction by this Court.

Standard Acceptance Company ("Standard") seeks to recover funds allegedly wrongfully received by the government in payment of tax liabilities assessed against Perfection Hand Laundry, Inc. ("Perfection"). Standard claims to have had a prior and superior interest in the payments made to the government by Perfection as the result of a security agreement between Perfection and Standard.

Plaintiff bases jurisdiction on 26 U.S.C. § 7426 in conjunction with 28 U.S.C. §§ 1331, 1340, 1346(a) (1) and 1346(e). The sections of Title 28 of the United States Code which Standard cites cannot confer jurisdiction by themselves since they only operate as general grants of jurisdiction. They do not authorize a federal district court to entertain suit where the government has not previously consented to be sued, as is the case here. Nehf v. United States, 302 F. Supp. 356 (N.D.Ill.1969).

Jurisdiction under 26 U.S.C. § 7426 presents a more complex question. Section 7426(a) (1) provides that civil actions may be brought against the United States by persons other than the taxpayer when there has been a wrongful levy and the non-taxpayer has an interest or lien in the property allegedly wrongfully levied upon. Thus, sovereign immunity is waived under these conditions. 28 U.S.C. § 1346(e) provides for jurisdiction in the district courts of civil actions brought under 26 U.S.C. § 7426.

It must be noted initially that statutes by which a sovereign waives its immunity, such as 26 U.S.C. § 7426, must be narrowly construed. McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951). In light of that condition, the question here is whether a plaintiff may bring a § 7426 action if there has been no levy, but only a "threat" of one, and a subsequent transfer to the government of the claimed funds.

The parties are agreed that the government never levied upon Perfection for its tax assessment. Rather, a field agent of the Internal Revenue Service ("IRS") contacted Perfection's president in April 1970 about Perfection's withholding tax liabilities of approximately $16,000. At a May 1970 meeting, this executive was told by the IRS that his business would be "closed down" and notice of a levy served if the arrearages were not paid within one week. Thereafter, Perfection was sold for $26,000, and checks totaling $16,000 were endorsed and delivered to the IRS later in May 1970.

A levy is defined by 26 U.S.C. §§ 6331(b) and 7701(a) (21) to mean the "power of distraint and seizure by any means." The government correctly notes that there can be no levy within the meaning of Title 26 until there has been service of a formal notice of levy. Rosenblum v. United States, 300 F.2d 843 (1st Cir.1962); United States v. Manufacturers National Bank, 198 F. Supp. 157 (N.D.N.Y.1961). Standard suggests that the phrase "seizure by any means" is meant to include all actions by the government whereby property is brought into the government's possession by affirmative action or threat of action.

Standard also notes that if formal written notice of levy is a requirement for jurisdiction under Section 7426, then the government can defeat the rights of secured creditors by simply persuading "delinquents" to pay after an assessment has been made and notice thereof given, but before a formal written notice of levy has to be served. See 26 U.S.C. § 6331. However, Congress does not appear to have acted unknowingly.

Section 7426 of the Internal Revenue Code was developed by Congress in cooperation with the American Bar Association's Special Committee on Federal Tax Liens. The legislative history of the Federal Tax Lien Act of 1966, and law

review articles thereon, reveal that the ABA committee's proposal was to allow non-taxpayer suits where a levy was threatened or the property was voluntarily delivered to the IRS by the taxpayer. The legislative history and the literature on the subject do not reveal why this proposal was rejected. See 84 ABA Rep. 645, 728 (1959). Nevertheless, a strong inference arises that Congress chose to restrict the non-taxpayer's right to sue the government to those instances where there had been a levy.

Plaintiff's only post-legislation authority, United Pacific Insurance Co. v. United States, 320 F.Supp. 450 (D.Or. 1970), does not support its argument. There the government had served a notice of lien rather than a notice of levy. The court denied the government's motion to dismiss and held that it had jurisdiction because the IRS considered a notice of lien equivalent to a notice of levy.

■ Standard also claims jurisdiction on the basis of Section 7426(a) (3) which expressly waives sovereign immunity where property is sold pursuant to an agreement between the taxpayer and the IRS. However, Section 7426(a) (3) requires an agreement between the taxpayer and the IRS pursuant to 26 U.S.C. § 6325(b) (3). The procedures for such an agreement are defined in IRS regulations. Temporary Treasury Regulations on Procedure and Administration, Section 400.2–1(b); Rev.Pro. 68–9, 1968–1 Cum.Bull. 756. It is clear from the parties' submissions that there was no Section 6325(b) (3) agreement here.

■ Unfortunately, the result here appears to be out of keeping with the general legislative intent of Congress; but the Court cannot escape the unequiv-

ocal wording of Section 7426 and the Senate Finance Committee's comments on that section. S.Rep. No. 1708, 1966 U.S.Code Cong. & Admin.News 3722, 3750–51. The Federal Tax Lien Act of 1966 was intended to conform the lien provisions of the internal revenue laws to the concepts developed in the Uniform Commercial Code. S.Rep. No. 1708, 1966 U.S.Code Cong. & Admin. News at p. 3722–23. That has not been achieved here,* but any necessary change is for Congress, not the courts.

For the reasons stated, defendant's motion for summary judgment is granted and the complaint herein is dismissed.

---

* As a secured creditor, Standard had priority over the federal tax lien that arose when Perfection's liability was assessed. 26 U.S.C. § 6323(a); Ill.Rev. Stat. ch. 26, § 1–201(37). Since Standard's security interest included "proceeds" from the collateral pledged as security, its interest attached to the checks received by Perfection from the sale of the business. Ill.Rev.Stat. ch. 26, § 9–306(3) (a). The government does not appear to be protected as the purchaser of a negotiable instrument because the Wright affidavit claims that the IRS had actual notice of Standard's security interest. Ill.Rev.Stat. ch. 26, §§ 9–309, 3–302.