**HAMILTON NATIONAL BANK OF JOHNSON CITY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2840.**

United States District Court, E. D. Tennessee, Northeastern Division.

July 19 and December 19, 1972.

James A. Weller, of Epps, Powell, Weller, Taylor & Miller, Johnson City, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Carl P. McDonald and W. Thomas Dillard, Asst. U. S. Attys., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Hamilton National Bank of Johnson City (Bank) seeks a money judgment from the national sovereign in a sum equal to the amount of certain funds received by an agent of the de-

fendant's Internal Revenue Service (IRS) from an officer of a taxpayer, HGS Technical Associates, Inc. (HGS), in which such Bank claims an interest. The claim of the Bank is under section 7426(a)(1) of the Internal Revenue Code of 1954. 26 U.S.C.A. § 7426(a)(1).* Although the Bank undertakes to invoke this Court's jurisdiction under 28 U.S.C. § 1346(a)(1), this Court has original jurisdiction of any civil action against the United States provided in section 7426 of the Internal Revenue Code of 1954. 28 U.S.C. § 1346(e), as amended July 23, 1970, Pub. L. 91–350, § 1(a), 84 Stat. 449. The venue alleged is proper under 28 U.S.C. § 1402(a)(2).

The defendant moved the Court to dismiss this action, on the grounds that this Court lacks jurisdiction of the subject matter and that the plaintiff has failed to state a claim upon which relief can be granted. Rules 12(b)(1), (6), Federal Rules of Civil Procedure. The parties have submitted briefs and opposing affidavits. As the defendant's motion asserts, *inter alia,* the defense of failure of the plaintiff's pleading to state a claim upon which relief can be granted, and as matters outside the pleading are presented to and not excluded by the Court, such part of such motion will be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure, after both parties are given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56, *supra.* Rule 12(b), Federal Rules of Civil Procedure.

The pleadings and affidavits submitted to the Court reflect, *inter alia,* that the Bank is a corporation, the principal place of business of which is located within this judicial district; that the Bank filed a financing statement, T.C. A. § 47–9–402, giving notice that it claims a security interest in the accounts receivable of HGS; that thereafter the Bank took security agreements and specific assignments of accounts receivable of HGS, including an account receivable from Westinghouse Electric Company (Westinghouse) for $24,354, an account receivable from Kerr-McGee Corporation (Kerr) for $4,031.39, and an account receivable from Monsanto Chemical Company (Monsanto) for $7,821; that the Bank forwarded the invoices of each such specific account, with the respective assignments thereon, to each such account-debtor for payment; that thereafter on May 11, 1971 a vice president of HGS delivered to an IRS agent a check from Westinghouse for $24,354 payable to the order of HGS and endorsed by such vice president and the president of HGS to the Internal Revenue Service of the United States Treasury Department; and that such vice president also delivered a check from Kerr for $4,031.39 and a check from Monsanto for $7,008.21 to such agent, each of which was payable and endorsed in a like manner.

The security interest of the Bank in HGS' property is insufficient to support its claim under 26 U.S.C. § 7426(a)(1). Whittaker Corp. et al. v. United States, D.C.Mich. (1970), 27 A. F.T.R.(2d) 71–342, 71–1 U.S.T.C. ¶ 9123; *cf.* also Farmers-Peoples Bank v. United States, D.C.Tenn. (1972), 29 A. F.T.R.(2d) 72–956. An affidavit of the Bank's officer states that, prior to the delivery of the aforementioned checks by the officer of HGS to an IRS agent, the accounts receivable of HGS from Westinghouse, Kerr and Monsanto were assigned to the Bank. If the proceeds of those checks belonged at that time to the Bank, which is not the assessed taxpayer here, and there was a wrongful levy on such property of the Bank, the Bank would appear to have stated a claim un-

---

\* " * * * If a levy has been made on property * * *, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. * * * " 26 U.S.C. § 7426(a)(1).

der 26 U.S.C. § 7426(a)(1). Jules Hairstylists of Maryland v. United States, D.C.Md. (1967), 268 F.Supp. 511, 513–514[1], affirmed C.A. 4th (1968), 389 F.2d 389, certiorari denied (1968), 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854.

The defendant claims that there was never a levy on property of HGS in the hands of Westinghouse, Kerr, or Monsanto; rather, that officers of HGS merely delivered voluntarily the aforementioned checks to an IRS agent at a time when the proceeds thereof were the property of HGS. If there was no levy, certainly there could have been no "wrongful" levy. The plaintiff claims, however, that there had been, prior to such delivery, a distraint and seizure of HGS' property, including that represented by such checks. See 26 U.S.C. §§ 6331(b), 7701(a)(21).

With this record in its present posture, this Court is unable to ascertain with sufficient certainty from the pleadings on file, together with the affidavits, either whether there is a genuine issue of material fact or whether defendant is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. The respective parties hereby are ALLOWED 30 days herefrom to present any further material made pertinent to the defendant's motion as if for summary judgment by Rule 56. Rule 12(b)(6), Federal Rules of Civil Procedure. If an additional opportunity is needed for such purpose, the Court will receive an application for a reasonable extension of this time-allowance.

### SUPPLEMENTAL OPINION

The parties have presented further material made pertinent to the defendant's motion as if for summary judgment. See memorandum opinion and order herein of July 19, 1972. There is no genuine issue of any material fact extant between the parties; each has obtained supporting or opposing affidavits from (in some instances) the same witnesses, and it is assumed and concluded that each such witness would testify as set forth in his affidavit. There is no dispute among the witnesses as to the factual situation.

In addition to the undisputed facts set forth in this Court's previous memorandum herein, see *supra*, it is undisputed that on April 28, 1971, pursuant to 26 U.S.C. § 6331, an agent of the defendant's Internal Revenue Service levied on

> [a]ll the personal property of HGS Technical Associates, Inc., seized on the premises of the business located at Dalewood Drive, Johnson City, Tennessee on April 28, 1971 at 11:00 AM, including, but not limited to, office furniture and machinery, inventory, work in progress, finished goods, metal fabricating machinery and supplies.

The levy was made subject to a "* * * supplemental notice of seizure providing a detailed itemization of this property * * *" which was to "* * * be given as soon as a detailed inventory is completed." The levy appears to have been withdrawn before such supplemental notice of seizure providing the detailed itemization was prepared and given. The levying agent at the time of the levy closed and padlocked HGS's place of business and posted a sign to such effect.

This levy was made 13 days before the delivery by HGS's officials to an IRS agent of the checks described in the earlier opinion herein, with the request of such officials that the proceeds of the checks be applied to the trust-fund portion of HGS's outstanding employment-tax liability. The affidavits reflect, and it is undisputed, that these checks were not physically present on the premises of HGS at the time the aforementioned levy was made, but that such checks came into the possession of such officials afterward.

The parties are in agreement that there was no levy by IRS personnel on the aforementioned checks in the hands of the respective drawers thereof. It is the opinion of this Court that the levy

made by IRS agents did not include the accounts receivable of the taxpayer.

" * * * A levy shall extend only to property possessed and obligations existing at the time thereof. * * * " 26 U.S.C. § 6331(b). " * * * [A] levy * * * requires that the property be brought into legal custody through seizure, actual or constructive, levy being 'an absolute appropriation in law of the property levied upon.' * * * " United States v. O'Dell, C.C.A.6th (1947), 160 F.2d 304, 307[2]. " * * * [A] levy * * * does not apply to after-acquired property. * * * " United States v. Mitchell, C.A.5th (1965), 349 F.2d 94, 105[11].

█ It is only when there has been a wrongful levy, and the non-taxpayer has an interest or lien in the property alleged to have been wrongfully levied upon, that the United States has waived, under 26 U.S.C. § 7426(a)(1), its sovereign immunity. In that situation, 28 U.S.C. § 1346(e) gives this Court jurisdiction of a civil action brought under 26 U.S.C. § 7426. Standard Acceptance Co. v. United States, D.C.Ill. (1972), 342 F. Supp. 45, 47. Where there has been no levy, this Court lacks jurisdiction. United Pacific Insurance Company v. United States, D.C.Or. (1970), 320 F. Supp. 450, 451.

█ Although arguably, the levying IRS agent might have made a constructive levy on the accounts receivable of the taxpayer HGS, the levy itself appears to imply his intention to levy only upon the taxpayer's personal property which was then physically present on the taxpayer's business premises. The levy does not appear to be sufficient to constitute a constructive levy upon, and distraint of, the taxpayer's accounts receivable. " * * * An actual or constructive seizure is essential to a valid levy and distraint; where, as here, the subject matter is an account receivable * * *, the seizure may be effected by a levy and the service of a warrant of distraint *upon the debtor*. * * * " (Emphasis supplied.) In re Hollings-

worth, D.C.N.J. (1953), 113 F.Supp. 878, 880[6, 7]

This action, being based on a federal question, the plaintiff must have shown that it has alleged a claim under federal law. Baker v. Carr (1962), 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663. This it has not done; and, as this Court is required to do in that circumstance, Rule 12(h)(3), Federal Rules of Civil Procedure, this action hereby is

Dismissed.